The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory M. Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following, which was entered into by the parties at the hearing as:
STIPULATION
1. The plaintiff has not worked for the defendant from 14 September 1993 and continuing through the date of the hearing.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing plaintiff was 46 years old. Prior to 28 June 1992 plaintiff had worked for defendant for two years as a truck driver. On 28 June 1992 plaintiff injured his back at work when he slipped while climbing into his tractor trailer.
2. After the incident, plaintiff missed some time from work; and he stopped working in about October 1992. After he stopped working, plaintiff underwent a course of conservative treatment for his back for about seven months. On 13 July 1993 Dr. Charles Rawlings, III, neurosurgeon, performed a surgical fusion of plaintiff's neck at spinal level C5-6. Following this surgery, plaintiff received a continued course of conservative treatment, including physical therapy and work hardening.
3. Plaintiff reached maximum medical improvement from the injury to his back on or about 13 September 1993. At that time plaintiff was capable of returning to work with restrictions which were caused by the injury to his back. The restrictions included not lifting more than six pounds continuously, 14 pounds frequently or 29 pounds occasionally. In addition, plaintiff could not perform long-distance driving, but could drive only one to two hours continuously.
4. After his release to return to work, defendants offered plaintiff a job as a long-distance truck driver with a partner. The two drivers would alternate driving on a route. This job was not within the restrictions caused by the injury to his back, and plaintiff reasonably refused the job. There is insufficient evidence of record from which the undersigned can infer from its greater weight that there were jobs available within plaintiff's restrictions caused by the injury to his back which plaintiff reasonably could be expected to obtain.
5. As a result of the injury to his back on 28 June 1992, plaintiff retains a ten percent permanent partial impairment to the use of his back.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 28 June 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, in that plaintiff injured his back as a result of a specific traumatic incident while performing his assigned work duties. N.C. Gen. Stat. § 97-2 (6).
2. On 28 June 1992 plaintiff's average weekly wage was $527.80, yielding a compensation rate of $351.88. N.C. Gen. Stat. § 97-2 (5).
3. As a result of the injury by accident of 28 June 1992 plaintiff is entitled to temporary total disability compensation in the amount of $351.88 per week for the period of time beginning on 14 September 1993 and continuing until plaintiff returns to work earning the same or greater average weekly wage as he was earning on 28 June 1992 or until further ordered by the Industrial Commission.
4. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of the injury by accident of 28 June 1992. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation in the amount of $351.88 per week for the period of time beginning 14 September 1993 and continuing until plaintiff returns to work earning the same or greater average weekly wage as he was earning on 28 June 1992, or until further ordered by the Industrial Commission. The amount of said compensation which has accrued through the date of this Opinion and Award shall be paid in a lump sum, and all payments shall be subject to an attorney's fee as provided below.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of the injury by accident of 28 June 1992.
3. An attorney's fee in the amount of 25 percent of all compensation due plaintiff is hereby approved for plaintiff's counsel. Payment shall be made by deducting 25 percent from any compensation due plaintiff and forwarding same directly to plaintiff's counsel, and for all future compensation every fourth check shall be made payable to plaintiff's counsel and forwarded directly to plaintiff's counsel.
4. Defendants shall pay the costs due this Commission.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER